IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LANCE BURY, | ) Civil Action No. 2:09-1708-DCN-BM |
| Plaintiff, | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| FORCE PROTECTION, INC., | ) |
| GORDON R. McGILTON, and | ) |
| MICHAEL MOODY, | ) |
| Defendants. | ) |

This action has been filed by the Plaintiff[1] asserting numerous causes of action against the Defendants under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514(A), and the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). In addition to these federal statutory claims, Plaintiff also asserts in his Eleventh Cause of Action a claim for wrongful termination in violation of public policy under South Carolina common law.

The Defendants have filed a motion pursuant to Rule 12 to dismiss Plaintiff's Eleventh Cause of Action for failure to state a claim upon which relief can be granted.[2] When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face"; Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); and Plaintiff argues in his opposition memorandum that he has set forth sufficient allegations to state a public policy claim.

However, after careful review and consideration of the arguments and precedents

---

[1] Although Plaintiff, who is himself an attorney, was originally represented by counsel, he is now proceeding pro se.

[2] Plaintiff was represented by counsel when this motion was filed, and a response was filed by counsel. Therefore, no Roseboro order was entered with respect to this motion.



cited, as discussed hereinbelow, the undersigned is constrained to agree with the Defendants that Plaintiff's public policy cause of action is subject to dismissal.

**Discussion**

According to the allegations of the Complaint, Plaintiff is a certified fraud examiner ("CFE"), certified public accountant ("CPA"), and licensed attorney, who was hired by the Defendant Force Protection Industries, Inc. ("FPI") on August 13, 2007 on a contract-to-hire basis as FPI's acting Director of SEC Financial Reporting. Plaintiff alleges that FPI and its top officers and directors engaged in a "wide array of violations of federal securities laws and laws relating to the protection of investors against shareholder fraud." Complaint, at ¶ 1. Plaintiff alleges that he refused to acquiesce in this conduct, and not only reported the unlawful activity to his supervisors but also threatened to report the unlawful activity to authorities outside of FPI, and that as a result of this protected activity FPI refused to retain/promote him and terminated his employment in violation of Title VIII of SOX, 18 U.S.C. § 1514(A).³ See Complaint, Counts I-V. Plaintiff seeks monetary damages under that Statute. See Complaint, at ¶ ¶ 270, 306, 342, 377, 424. Plaintiff further alleges that these adverse employment actions violated the FCA, and seeks monetary damages under that Statute as well.⁴ See Complaint, Counts VI-X; see also Complaint, at ¶ 507.

---

³The SOX whistleblower provision states, in relevant part:

> No [publicly traded company] . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C. §§] 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the [SEC], or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to . . . a person with supervisory authority over the employee . . . .

18 U.S.C. § 1514A(a)(1).

⁴The anti-retaliation provision of the FCA states, in relevant part:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment



In addition to his claims under SOX and the FCA, in Count XI Plaintiff alleges wrongful termination in violation of public policy under South Carolina common law, asserting that FPI's practices violated federal securities laws as well as several state laws.[5] In Ludwick v. This Minute of Carolina, Inc., 337 S.E.2d 213 (S.C. 1985), the South Carolina Supreme Court held that a cause of action in tort exists under South Carolina law where a retaliatory discharge of an at-will employee constitutes a violation of a clear mandate of public policy, such as "when an employer requires an at-will employee, as a condition of retaining employment, to violate the law". Id, at 216. See also; Culler v. Blue Ridge Electric Cooperative, Inc., 422 S.E.2d 91 (S.C. 1992).[6] "This exception is generally applied in a situation in which an employer requires an employee to violate a law, or when the reason for the termination is itself a violation of criminal law"; Barron v. Labor Finders of South Carolina, 682 S.E.2d 271, 273 (S.C.Ct. App. 2009); although some other situations may also apply. See Washington v. Purdue Farms, Inc., No. 07-3552, 2009 WL 386926 at * 12 (D.S.C. Feb. 13, 2009)["Several types of public policies have been deemed appropriate to sustain this cause of action including: requiring an employee to violate the criminal law, where the reason for the

---

by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.

31 U.S.C. § 3730(h).

[5]Plaintiff cites specifically to S.C. Code Ann. § 16-13-240, S.C. Code Ann. § 16-17-410, and S.C. Code Ann. § 35-1-501 et seq., in Paragraph 512 of the Complaint. South Carolina Code § 16-13-240 makes it unlawful to obtain a signature or property by false pretenses. Section 16-17-410 creates the common law crime of "conspiracy." Section 35-1-501 contains the general fraud provision of the South Carolina Uniform Securities Act of 2005.

[6]Plaintiff alleges that if he had acquiesced in the Defendants' activities, he would have been violating the law and exposed to criminal liability under the cited statutes. See Complaint, at ¶ 512.



employee's termination was itself a violation of criminal law, obeying a subpoena, refusing to contribute money to a political action fund, and invoking rights under Payment of Wages Act."].

However, while Plaintiff has generally alleged that his employer's actions would have required him to violate a law, Plaintiff's public policy cause of action is nevertheless subject to dismissal because this claim is based on the same allegations which support his claims arising under SOX and the FCA.  The South Carolina Supreme Court has explicitly held that "[w]hen a statute creates a substantive right and provides a remedy for infringement of that right, the Plaintiff is limited to that statutory remedy."  Palmer v. House of Blues Myrtle Beach Restaurant Corp., No. 05-3301, 2006 WL 2708278, at * 3 (D.S.C. Sept. 20, 2006) (citing Lawson v. South Carolina Dept. of Corrections, 532 S.E.2d 259 (S.C. 2000)); Washington, 2009 WL 386926 at * 12 n. 12.  Here, Plaintiff seeks a remedy for his claims under both SOX and the FCA, and as Plaintiff has a statutory remedy for his claims, he may not pursue a separate state law public policy cause of action.  Bolin v. Ross Stores, Inc., No. 08-2759, 2009 WL 363990 at * 4 (D.S.C. Feb. 11, 2009)[Even if law could be interpreted to subject the offender to criminal punishment, "[i]t is well established that no common law public policy wrongful termination claim can be stated where the employee has an existing statutory remedy."]; Palmer, 2006 WL 2708278, at * * 3 and 5; Heyward v. Monroe, No. 97-2430, 1998 WL 841494, at * 4 (4th Cir. Dec. 7, 1998)[Finding that Plaintiff's public policy termination claim was appropriately dismissed: "South Carolina permits an action under the public policy exception when an at-will employee is terminated for refusing to violate the law.  It has not been extended to circumstances where there is a statutory remedy for employment discrimination, as in this case"]; Zeigler v. Guidant Corp., No. 07-3448, 2008 WL 2001943 at * 2 (D.S.C. May 6, 2008) ["The Ludwick exception to at-will employment is not designed to overlap an employee's statutory rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists."]  (quoting Stiles v. American General Life Ins. Co., 516 S.E.2d 449, 452 (S.C. 1999)); Dockins v. Ingles Markets, Inc., 413 S.E.2d 18, 19 (S.C. 1992); Epps v. Clarendon County, 405 S.E.2d 386, 387 (S.C. 1991); Merck v. Advanced Drainage

4



System, Inc., 921 F.2d 549, 554 (4th Cir. 1990)[The "public policy" exception to the at-will doctrine "is to be very narrowly applied."]; Washington v. International Paper Co., No. 05-1949, 2006 WL 5619289, at * 8 (D.S.C. Nov. 2, 2006)["The South Carolina Supreme Court has stated that '[w]hen a statute creates a substantive right and provides a remedy for infringement of that right, the Plaintiff is limited to that statutory remedy.'"].

While Plaintiff argues that neither SOX nor the FCA provide that they preempt state law claims, that is not the issue. Defendants do not claim that these federal statutes preempt state law claims. Rather, the issue is what South Carolina law provides, not what the cited federal statutes provide, and in South Carolina the law is clear that a state law public policy claim cannot be pursued if there is a statutory remedy for the same claim. Such is the case here. Zeigler, No. 07-3448, 2008 WL 2001943 at * 2 ["The Ludwick exception to at-will employment is not designed to overlap an employee's statutory rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists."] Therefore, the Defendants are entitled to dismissal of Plaintiff's public policy cause of action.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss Plaintiff's Eleventh Cause of Action be **granted**, and that that cause of action be **dismissed**.

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 6, 2011
Charleston, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

