IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| LANCE BURY, ) | Civil Action No. 2:09-1708-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| FORCE PROTECTION, INC., ) | |
| GORDON R. McGILTON, and ) | |
| MICHAEL MOODY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    This action has been filed by the Plaintiff[1] asserting numerous causes of action against the Defendants under the Sarbanes-Oxley Act of 2002 ("SOX"), 18 U.S.C. § 1514(A), and the False Claims Act ("FCA"), 31 U.S.C. § 3730(h). In addition to these federal statutory claims, Plaintiff also asserts in his Eleventh Cause of Action a claim for wrongful termination in violation of public policy under South Carolina common law.[2]

    According to the allegations of the Complaint, Plaintiff is a certified fraud examiner ("CFE"), certified public accountant ("CPA"), and licensed attorney, who was hired by the Defendant Force Protection Industries, Inc. ("FPI") on August 13, 2007 on a contract-to-hire basis as FPI's acting Director of SEC Financial Reporting. Plaintiff alleges that FPI and its top officers and directors engaged in a "wide array of violations of federal securities laws and laws relating to the protection of investors against shareholder fraud." Complaint, at ¶ 1. Plaintiff alleges that he refused

---

[1] Although Plaintiff, who is himself an attorney, was originally represented by counsel, he is now proceeding pro se.

[2] Plaintiff's Eleventh Cause of Action for wrongful termination in violation of public policy under South Carolina Common law has been recommended for dismissal. See Report and Recommendation filed June 6, 2011 (Court Docket No. 82).



to acquiesce in this conduct, and not only reported the unlawful activity to his supervisors but also threatened to report the unlawful activity to authorities outside of FPI, and that as a result of this protected activity FPI refused to retain/promote him and terminated his employment in violation of Title VIII of SOX, 18 U.S.C. § 1514(A).³  See Complaint, Counts I-V.  Plaintiff seeks monetary damages under that Statute.  See Complaint, at ¶¶ 270, 306, 342, 377, 424.  Plaintiff further alleges that these adverse employment actions violated the FCA, and seeks monetary damages under that Statute as well.⁴  See Complaint, Counts VI-X; see also Complaint, at ¶ 507.

As part of his claims under SOX (Counts I - V of the Complaint), Plaintiff not only sues FPI (his employer during the relevant time period), but Gordon McGilton (alleged to be a member of FPI's Board of Directors and CEO during the relevant time period) and Michael Moody

---

³The SOX whistleblower provision states, in relevant part:

No [publicly traded company] . . . may discharge, demote, suspend, threaten, harass, or in any other manner discriminate against an employee in the terms and conditions of employment because of any lawful act done by the employee . . . to provide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C. §§] 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the [SEC], or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to . . . a person with supervisory authority over the employee . . . .

18 U.S.C. § 1514A(a)(1).

⁴The anti-retaliation provision of the FCA states, in relevant part:

Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. Such relief shall include reinstatement with the same seniority status such employee would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys fees. An employee may bring an action in the appropriate district court of the United States for the relief provided in this subsection.

31 U.S.C. § 3730(h).

2



(alleged to be a member of FPI's Board of Directors and President during the relevant time period) individually.[5]  These two Defendants have each filed motions to dismiss pursuant to Rule 12, Fed.R.Civ.P., arguing that Plaintiff's Complaint fails to plead sufficient factual allegations as to either of these two Defendants to state a claim for relief that is plausible on its face.  Plaintiff has filed memoranda in opposition to both of these motions,[6] and each of the Defendants have filed a reply memorandum.

These motions are now before the Court for disposition.[7]

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face".  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  In order to state a "plausible" claim for relief against either Moody or McGilton, Plaintiff's Complaint must sufficiently set forth facts "on its face" that either or both of these Defendants knew that he had engaged in protected activity, were involved in the alleged adverse employment action, and that a causal connection exits between the protected activity and the adverse employment action taken by the named Defendant.  Leznik v. Nektar Therapeutics, Inc., No. 2006-SOX-00093, 2007 Dolsox Lexis 96, at * 37-39 (A.L.J. Nov. 16, 2007); see also Welch v. Chao, 536 F.3d 269, 275 (4th Cir. 2008)[Setting forth requirements to establish a whistle blower claim under § 806 of SOX]; Livingston v. Wyth, Inc., 520 F.3d 344, 351-352 (4th Cir. 2008)[Same]; see also 42 U.S.C. § 42121(b); 29

---

[5] Individual liability is permitted under SOX.  See 18 U.S.C. § 1514A(a); see also 29 C.F.R. § 1980.101.

[6] Plaintiff was represented by counsel when this motion was filed, and a response was filed by counsel.  Therefore, no Roseboro order was entered with respect to this motion.

[7] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C.  Two of the Defendants have filed motions to dismiss.  As these are a dispositive motions, this Report and Recommendation is entered for review by the Court.



C.F.R. § 1980.104(b)(1).

Plaintiff references Moody and McGilton in numerous paragraphs of his Complaint.[8] However, after careful review and consideration of the allegations of the Complaint, the undersigned is constrained to agree with the Defendants that Plaintiff has failed to set forth factual allegations establishing the personal involvement of either one of these two Defendants in his employment decisions sufficient to survive the Defendants' motions to dismiss. See Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]. Plaintiff does indeed allege that Moody and McGilton unlawfully retaliated against him, but he does so in only the most general and conclusory fashion, sometimes by alleging what one or both of these Defendants was thinking (for example, in ¶ 126, Plaintiff alleges that Moody "wanted to hide [a claimed] tax error because of a pending law suit"); sometimes by ascribing conduct to unnamed "senior management" (a group of individuals which Plaintiff stated at the hearing would have included Moody and McGilton);[9] or sometimes by just lumping McGilton and Moody in with decisions taken by his employer, FPI (for example, in ¶ 305, Plaintiff alleges that "FPI, McGilton, and Moody had no legitimate non-retaliatory reason to refuse to hire [Plaintiff] permanently as the Director of SEC Reporting."]. These are not factual allegations. Rather, Plaintiff is simply alleging in a generally conclusory manner what he believes happened. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)[To survive a motion to dismiss, Plaintiff's grounds for entitlement to relief must contain "more than labels and conclusions"]; Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and

---

[8] Moody is discussed in ¶¶ 7, 9, 21, 68, 113, 118, 121, 124, 125, 126, 128, 130, 141, 145, 157, 170, 180, 190, 217, 220, 230, 231, 232, 239, 246, 266, 267, 268, 269, 274, 281, 302, 303, 304, 305, 310, 317, 338, 339, 340, 341, 346, 353, 373, 374, 375, 376, 381, 388, 420, 421, 422, 423, 514, 515, 516, 519, 520, 523, 524, 528, 529.
    McGilton is discussed in ¶¶ 6, 9, 19, 21, 59, 113, 125, 130, 141, 156, 170, 190, 194, 195, 196, 200, 205, 209, 230, 232, 239, 246, 266, 267, 268, 269, 274, 281, 302, 303, 304, 305, 310, 317, 338, 339, 340, 341, 346, 353, 373, 374, 375, 376, 381, 388, 514, 515, 519, 520, 523, 524, 528, 529.

[9] See ¶¶ 135, 140, 142, 144, 156, 196, 204, 206.

4



conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)["Complaint must contain facts which state a claim as a matter of law and must not be conclusory"].

Plaintiff does assert some specific factual allegations against these two Defendants, such as that Moody and McGilton both received a copy of an email Plaintiff sent about a tax error, which had been forwarded by FPI General Counsel Denise Speaks [¶ 113], that Plaintiff reported his concern that a separate company owned by McGilton was receiving payments from FPI for non-compliant software [¶ 141, 156], that Moody issued a directive that Plaintiff should not document some alleged accounting errors he had discovered [¶ 118], and that Moody had a conversation in Plaintiff's presence about an unspecified topic with another management employee [¶ 128]. However, nowhere in his one hundred forty (140) page Complaint does Plaintiff set forth any factual allegations to show that either Moody or McGilton was in any way involved in the decisions to not promote or fire him, or to establish a causal connection between anything these two individuals did and the actions of which he complains.[10]  Instead, Plaintiff asks the Court to "infer" that McGilton and Moody both knew of his protected activity and were involved in his termination because of the positions they held with FPI, citing to Deremer v. Gulf Mark Offshore, Inc., No. 2006-SOX-2 (A.L.J. June 29, 2007) [copy attached to Plaintiff's memorandum in opposition].  However, the undersigned has reviewed the section of the decision referred to by the Plaintiff, and does not find that it is supportive of his contention.  Indeed, while noting that the law firm in that case was acting directly for the company audit committee for purposes of establishing corporate agency, the deciding official in that case otherwise specifically declined to address the issue of constructive disclosure.  Id, at p. 57.

Conversely, the Supreme Court held in Iqbal that claims that a supervisor "knew of,

---

[10]For example, in ¶ 373 Plaintiff lists a number of allegedly improper actions for which he contends McGilton and Moody were responsible, but provides no specific examples or factual basis whatsoever to support his claims that McGilton and Moody were involved in these decisions.



5

condoned," and was "instrumental" and/or a "principal architect" of an offending practice or action simply because they held a supervisory position was not sufficient to state a claim against that official. Iqbal, 129 S.Ct. at 1951. Such is the case here. See also Leznik, 2006-SOX-2, at pp. 16-17 ["Imputing knowledge from a subordinate to an ultimate decision maker is insufficient to impose individual (i.e., "named person") liability"]. The undersigned has also carefully reviewed the paragraphs cited by Plaintiff in his opposition memorandum as supporting his allegations against these two Defendants, and finds that they fail to satisfy the criteria for stating a viable claim against either of these two Defendants, as they fail to identify any specific actions taken by these two Defendants with respect to Plaintiff's termination.

> Individual liability must be predicated on retaliatory intent that contributed to the decision to take an unfavorable personnel action . . . . A "named person" in a SOX proceeding must actually know (or believe, perhaps erroneously) that the employee engaged in a protected activity, *must be materially involved in the decision to take the unfavorable personnel action*, and there must be a causal nexus between the protected activity and the unfavorable action the named individual took.

Leznik, 2006-SOX-2, p. 14 (emphasis added).

In sum, with respect to these two Defendants, the Complaint contains only conclusory allegations attempting to establish the involvement of these two Defendants in the unlawful retaliation Plaintiff alleges he received. Plaintiff has set forth no facts to show that either one of these two Defendants personally engaged in any retaliatory conduct against him for having engaged in whistleblower activity, other than his own surmise and speculation that they must have done so because of the positions they held with the company. Such conclusory allegations and claims are not sufficient to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must



6

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"].[11]

### Conclusion

Based on the foregoing, it is recommended that these Defendants' motions to dismiss be **granted**, and that Gordon McGilton and Michael Moody be **dismissed** as party Defendants in this case. Iqbal, 129 S.Ct. at 1949-1950 ["[W]here the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief"].

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 27, 2011
Charleston, South Carolina

---

[11] It is noted that at the hearing held in this case on May 31, 2011, Plaintiff was offered the opportunity to submit an amended complaint to more specifically set out his claims against these two Defendants and to add any factual allegations he had to tie these two Defendants to the conduct alleged, but that Plaintiff declined to do so, stating that he was satisfied to have his claims against these two individuals evaluated based on the allegations currently set forth in the Complaint.




**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

